Glenn B Stearns Chapter 13 Trustee
4343 Commerce Court, Suite 120
Lisle, IL 60532
Ph:630-577-1313  Fax:630-577-1341

In re:
RONALD G NICHOLS
SUSAN E NICHOLS                          STUART B HANDELMAN
                                         332 S MICHIGAN AVE #1020
Case No. 06 B 11901                      CHICAGO IL
Account No. 15704737                                        60604


RONALD G NICHOLS                         CHASE HOME FINANCE
64 N SMITH ST                            DEPT OH4 7142
AURORA IL                                3415 VISION DR
                      60505              COLUMBUS OH         43219

NOTICE OF PAYMENT OF FINAL MORTGAGE CURE AMOUNT UNDER PARAGRAPH B(2)(b) OF PLAN

Please take notice that the final payment of the cure amount specified in Section
E of the confirmed plan of the above referenced debtor has been paid.  Pursuant to
the plan, all pre-petition obligations of the debtor have been satisfied and the
mortgage holder is required to treat the mortgage as reinstated and fully current
unless the debtor has failed to make timely payments of post-petition obligations.

If the debtor has failed to make timely payments of any post-petition obligation,
the mortgage holder is required to itemize all outstanding payment obligations as of the
date of the notice and file a statement of these obligations with the court.  The notice
shall be filed with the court within sixty (60) days (or as such longer time as the
court may order) of the service of the notice of cure from the Trustee and the notice
shall be served to the debtor, debtor's attorney, and the standing trustee.  If the
mortgage holder fails to file and serve a statement of outstanding obligations within
the required time, the holder is then required to treat the mortgage as reinstated
according to its original terms and fully current as of the date of the trustee's notice.

If the mortgage holder does serve a statement of outstanding obligations within the
required time, the debtor may (i), within thirty (30) days of the service of the
statement, challenge the accuracy of the statement by a motion filed with the court
as a contested matter with notice to the mortgage holder and the standing trustee or
(ii), propose a modified plan to provide for payment of additional amounts that the
debtor acknowledges or the court determines to be due.  To the extent that the amounts
set forth on a timely filed statement of outstanding obligations are not determined by
the court to be invalid or are not paid by the debtor through a modified plan, the
right of the mortgage holder to collect these amounts will be unaffected.

Any costs of collection, including attorney fees, incurred by the mortgage holder
after filing of this bankruptcy case and before the final payment of the cure amount
specified in Section E may be added to that cure amount pursuant to court order on
on motion of the holder.  Otherwise, any such costs of collection shall be claimed
pursuant to sub-paragraph (b) above.

The undersigned certifies that this notice was sent to the above named parties on
March 12, 2008

                                         /S/ Kate Grenda
                                         _____

                                         For: Glenn Stearns, Standing Trustee